UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALAN TOMANEK,

        Plaintiff,

  v.                                 Case No. 2:25-cv-935-KCD-DNF

ALLSTATE INSURANCE
COMPANY,

        Defendant.
_____/

## ORDER

Plaintiff Alan Tomanek sues his insurance company for underinsured motorist benefits. (Doc. 6.)[1] The case started in state court, but Defendant Allstate Insurance Company removed it here under diversity jurisdiction. (Doc. 1.) For the reasons below, Allstate must supplement the Notice of Removal.

A defendant can remove a case from state court if it could have been brought in federal court in the first instance. *See* 28 U.S.C. § 1441(a). This includes actions where there is diversity jurisdiction, which requires complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

The defendant seeking removal must establish diversity jurisdiction as of the date of removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Sammie Bonner Const. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003). When a complaint does not allege a specific amount of damages, as here (Doc. 6 ¶ 1), "the defendant . . . must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). This requires "facts supporting jurisdiction," not merely allegations. *Pretka*, 608 F.3d at 751; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).

To establish the amount in controversy, Allstate asserts that Plaintiff has demanded more than $75,000 and values this case at $100,000. (Doc. 1 ¶ 3, 6.) A demand letter is not always determinative of the amount in controversy. This is because, "by their nature, settlement offers (particularly presuit) reflect a fair amount of puffing and posturing." *Gagnon v. Petsmart*, Inc., No. 2:20-CV-676-FTM-38-MRM, 2020 WL 13356800, at *1 (M.D. Fla. Sept. 2, 2020). On the other hand, "settlement offers that provide specific information ... suggest the plaintiff is offering a reasonable assessment of the value of his claim." *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009). The latter group—settlement offers that are "relevant" and "detailed"—are entitled to more weight and can support

2

removal. *Gagnon*, 2020 WL 13356800, at *1. Put simply, a proposed settlement is relevant evidence of the amount in controversy if it appears to reasonably estimate the claim.

Allstate has not provided a demand letter here, nor allegations about it, so the Court can't analyze whether Plaintiff's demand is sufficient to establish the amount in controversy. And there is otherwise no evidence in the record about the extent of Plaintiff's injuries for the Court to decide the issue.

Allstate also notes that Plaintiff is alleging personal and permanent injuries. (Doc. 1 ¶ 5.) The complaint is sparse on specifics, containing only a laundry list of conclusory damages such as bodily injury, pain and suffering, and mental anguish. (Doc. 6 ¶ 13.) Such generalized claims do not show that the amount in controversy is likely to exceed $75,000. *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1330 (11th Cir. 2006). So, the pleadings ultimately don't help.

At bottom, Allstate has not shown "by a preponderance of the evidence" that subject-matter jurisdiction exists. *See Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). To remedy these deficiencies, Allstate may supplement the notice of removal. *See* 28 U.S.C. § 1653.

It is now **ORDERED**:

By **November 3, 2025,** Allstate must supplement the Notice of Removal to show why the Court should not remand this case for lack of subject-matter

3

jurisdiction. **Failure to do so will result in the Court remanding this case without further notice**.

**ENTERED** in Fort Myers, Florida on October 20, 2025.

Kyle C. Dudek
United States District Judge