UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALAN TOMANEK,

        Plaintiff,

    v.

                                Case No. 2:25-cv-935-KCD-DNF

ALLSTATE INSURANCE
COMPANY,

        Defendant.

_____/

## <u>ORDER</u>

Plaintiff Alan Tomanek sues his insurance company for underinsured motorist benefits. (Doc. 6.)[1] This case started in state court, but Defendant Allstate Insurance Company removed it here under diversity jurisdiction. (Doc. 1.) For the reasons below, the case is remanded for lack of subject matter jurisdiction.

A defendant can remove a case from state court if it could have been brought in federal court in the first instance. *See* 28 U.S.C. § 1441(a). This includes actions where there is diversity jurisdiction, which requires complete diversity of citizenship between the parties and an amount in controversy exceeding $75,000. *See* 28 U.S.C. § 1332(a); *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000).

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

The defendant seeking removal must establish diversity jurisdiction as of the date of removal. *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010); *Sammie Bonner Const. Co. v. W. Star Trucks Sales, Inc.*, 330 F.3d 1308, 1310 (11th Cir. 2003). When a complaint does not allege a specific amount of damages, as here (Doc. 6 ¶ 1), "the defendant . . . must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum." *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). This requires "facts supporting jurisdiction," not merely allegations. *Pretka*, 608 F.3d at 751; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).

To establish the amount in controversy in its initial notice of removal, Allstate stated that Plaintiff demanded more than $75,000 and valued this case at $100,000. (Doc. 1 ¶ 3, 6.) Because a demand letter is not always determinative of the amount in controversy, the Court directed Allstate to supplement its notice to show why the case should not be remanded. (Doc. 10); *see Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

In response, Allstate filed an amended notice with one additional paragraph:

> Plaintiff has made an offer to settle that is specific in terms. Specifically, Plaintiff has stated that he has been diagnosed with over eight (8) clinical diagnosis related to the accident. He has gone on to explain that these injuries are not simple aggravations, but that they are permanent.

a. Plaintiff has expressed that he has constant pain in his neck, sleep disturbances, pain radiating into both shoulders, and permanent herniations from this accident. He has gone on to seek medial branch blocks, physical therapy, chiropractic care, and the use of a TENS unit.

b. Plaintiff has detailed pain and suffering for $15 per hour spent suffering from the car accident, indicating a claim for pain and suffering over $1 million.

(Doc. 11 ¶ 4.) This additional evidence (to the extent it can be called that) is not enough.

The removing party must provide evidence that is "sufficient to incline a fair and impartial mind to one side of the issue rather than the other." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1209 (11th Cir. 2007). But the Court must not consider unspecified damages that are too speculative. *See Mustafa v. Mkt. St. Mortg. Corp.*, 840 F. Supp. 2d 1287, 1291 (M.D. Ala. 2012). If the removing defendant fails to satisfy its burden, then the "proper course of action is to remand the case[.]" *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). Removal raises significant federalism concerns, so any doubt as to jurisdiction should be resolved in favor of remand. *See Russell Corp. v. Am. Home Assur. Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

A proposed settlement is relevant evidence of the amount in controversy if it appears to reasonably estimate a claim. *Jackson v. Select Portfolio Servicing, Inc.*, 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009). Allstate still does not provide a copy of Plaintiff's demand letter, and the recitation of his injuries

does not help the Court determine how much these damages could be worth. And the Court cannot simply guess as to what that figure might be. *See Johnson-Lang v. Fam. Dollar Stores of Fla., LLC*, No. 8:21-CV-902-VMC-CPT, 2021 WL 1625167, at *2 (M.D. Fla. Apr. 27, 2021) (remanding case when defendant "[did] not provide sufficient detail about [the plaintiff]'s pain and suffering or the other unspecified damages she has allegedly experienced"); *see also Reyes v. Stockhill*, 568 F. Supp. 3d 1288, 1292 (M.D. Fla. 2021) ("Courts will not speculate as to the value of damages for pain and suffering.").

At bottom, the notice of removal consists of bare assertions. Coupled with Allstate's failure to submit the demand letter, treatment records, or any other evidence about the severity of his alleged injuries, the Court has little more than speculation about the amount in controversy. *See, e.g.*, *Lima v. Litfin*, No. 8:21-CV-1722-VMC-TGW, 2021 WL 3185966, at *2 (M.D. Fla. July 28, 2021).

Resolving all uncertainties in favor of remand, as the Court must, Allstate has not met its burden of proving the requisite amount in controversy. *See Candelario v. USAA Cas. Ins. Co.*, No. 6:20-CV-2373-JA-LRH, 2021 WL 406262, at *2 (M.D. Fla. Feb. 5, 2021). Thus, the case is remanded.

Accordingly, it is **ORDERED**:

1. The Clerk is **DIRECTED** to remand this case to state court by transmitting a certified copy of this Order to the clerk for the

Twentieth Judicial Circuit in and for Lee County, Florida. The state-court case was previously captioned 2025-CA-004943.

2. Following remand, the Clerk shall terminate any pending motions, terminate all deadlines, and close the case.

**ENTERED** in Fort Myers, Florida on October 30, 2025.

Kyle C. Dudek
United States District Judge